**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Business Buyer Directory, LLC., ) | No. CV-08-1606-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Northwest Capital Appreciation, Inc.; NC ) Energy Services, LTD., ) | |
| Defendants. ) | |

On September 8, 2008, Defendant NC Services Group Ltd., formerly known as NC Energy Services, Ltd. ("NC Services"), filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Dkt. #9. Plaintiff Business Buyer Directory, LLC. ("BBD") filed a response, attaching four exhibits. Dkt. #13. NC Services filed a motion to strike exhibits B and C. Dkt. #15. BBD filed a response to the motion to strike and an alternative motion to allow jurisdictional discovery. Dkt. #16. NC Services replied to both motions. Dkt. ## 14, 17. The Court will grant BBD's motion for limited jurisdictional discovery and deny NC Services's motion to dismiss and motion to strike.[1]

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I.     Background.**

BBD introduces business purchasers to potential acquisition targets and earns a referral fee if a purchase is consummated. Dkt. #13 at 2. On October 23, 2006, BBD entered into an agreement with Northwest Capital Appreciation, Inc. ("NCA") regarding NCA's possible purchase of Mullen Crane and Transport, Inc. ("Crane"). Dkt. #1 ¶ 7. NCA agreed to pay a referral fee to BBD if NCA, or any of its affiliates, purchased Crane within 36 months of the date of the agreement. *Id.* ¶ 10. On April 18, 2008, NCA purchased Crane through its affiliate, NC Services. *Id.* ¶ 11. NCA did not provide any documentation regarding the purchase to BBD, nor did NCA pay BBD a referral fee. *Id.* ¶ 12. On August 29, 2008, BBD filed a complaint against NCA and NC Services alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Dkt. #1 at 8-11.

**II.    NC Services's motion to dismiss.**

NC Services argues that it is an Alberta, Canada company that is domiciled in Canada and does business in Canada. Dkt. #9. NC Services states that it does no business in Arizona and has not done business with BBD anywhere. *Id.* at 1-2. NC Services asserts that it is not subject to personal jurisdiction in Arizona. *Id.* at 2-5.

BBD does not dispute the assertions made by NC Services, but argues that NC Services has consented to personal jurisdiction through the forum selection clause in the agreement signed by NCA. Dkt. #13 at 3-5. According to BBD, NC Services is an affiliate of NCA bound by the forum selection clause. *Id.* at 4-6. NC Services denies that it is affiliated with NCA and argues that even if it was affiliated, BBD has failed to demonstrate that NCA controls or is controlled by NC Services to the extent necessary to overcome the presumption of "corporate separateness" and find that NCA could consent to jurisdiction on behalf of NC Services. Dkt. #14 at 1-3.

/ / /

/ / /

- 2 -

**III.    BBD's motion to allow jurisdictional discovery.**

BBD has filed a motion to allow jurisdictional discovery if the Court is not satisfied that the facts set forth by BBD establish personal jurisdiction over NC Services. Dkt. #16 at 1, 4-5. NC Services argues that the Court is not required to permit jurisdictional discovery because BBD has failed to establish a prima facie case to support personal jurisdiction. Dkt. #17 at 4 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006)).

A district court has broad discretion to "permit discovery to aid in determining whether it has in personam jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). A court should allow a party to conduct discovery "'where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Wells Fargo & Co.*, 556 F.2d at 430 n.24 (citation and alteration omitted). Discovery should be denied only "when it is clear that [the] discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* The Ninth Circuit has held that denying jurisdictional discovery where further discovery might demonstrate a basis for jurisdiction is an abuse of discretion. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (concluding that the district court abused its discretion in denying plaintiff's motion for jurisdictional discovery and remanding the case to allow plaintiff the opportunity to develop the record and make a prima facie showing of jurisdictional facts).

The parties dispute both whether NC Services is affiliated with NCA and the nature of the affiliation. NC Services admits that the two sole officers, directors, and shareholders of NCA are members of NC Services's seven-member board of directors. Limited discovery may permit BBD to uncover additional facts that will establish personal jurisdiction over NC Services. The Court therefore will grant BBD's motion to allow limited jurisdictional discovery. BBD has until January 30, 2009, to conduct jurisdictional discovery. BBD is

1 limited to one round of written discovery and three depositions. The Court will deny NC
2 Services's motion to dismiss without prejudice and deny its motion to strike as moot.

3 **IT IS ORDERED:**

4   1.   Plaintiff Business Buyer Directory, LLC.'s motion to allow jurisdictional discovery (Dkt. #16) is **granted**. Plaintiff shall have until **January 30, 2009** to conduct limited jurisdictional discovery. Plaintiff is limited to one round of written discovery and three depositions.

8   2.   Defendant NC Energy Services, LTD.'s motion to dismiss is **denied** without prejudice and its motion to strike is **denied** as moot.

10  3.   On **February 13, 2008**, BBD shall file a memorandum, not to exceed 10 pages in length, setting forth the basis for personal jurisdiction over NC Services. NC services shall file a response, not to exceed 10 pages, on **February 27, 2009**. BBD shall file a reply, not to exceed five pages, by **March 6, 2009**. The Court will rule on the jurisdictional issue after reviewing the memoranda.

DATED this 26th day of November, 2008.

David G. Campbell
United States District Judge

- 4 -