**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Business Buyer Directory, LLC., | ) | No. CV-08-1606-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Northwest Capital Appreciation, Inc.; NC Energy Services, LTD., | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

Defendant NC Services Group Ltd. (NCSG), formerly known as NC Energy Services Ltd., filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Dkt. #9. In response, Plaintiff requested the opportunity to conduct jurisdictional discovery and the Court agreed. Dkt. ## 16, 18. Jurisdictional discovery has occurred and both parties have submitted supplemental briefs. Dkt. ## 32, 37, 38. For the reasons stated below, the Court will grant Defendant NCSG's motion to dismiss for lack of personal jurisdiction.

**I.  Background.**

BBD introduces business purchasers to potential acquisition targets and earns a referral fee if a purchase is consummated. Dkt. #13 at 2. On October 23, 2006, BBD entered into an agreement with Northwest Capital Appreciation, Inc. ("NCA") regarding NCA's possible purchase of Mullen Crane and Transport, Inc. ("Crane"). Dkt. #1 ¶ 7. NCA agreed to pay a referral fee to BBD if NCA, or any of its affiliates, purchased Crane within 36

months of the date of the agreement. *Id.* ¶ 10. On April 18, 2008, NCA purchased Crane through its affiliate, NCSG. *Id.* ¶ 11. NCA did not provide any documentation regarding the purchase to BBD, nor did NCA pay BBD a referral fee. *Id.* ¶ 12. On August 29, 2008, BBD filed a complaint against NCA and NCSG alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Dkt. #1 at 8-11. It is undisputed that NCA is subject to personal jurisdiction in Arizona by virtue of the contract it signed with BBD. NCSG, however, asserts that the Court lacks personal jurisdiction over it.

## II. Legal Standard.

Because the Court is resolving the motion to dismiss without holding an evidentiary hearing, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). That is, Plaintiff "need only demonstrate facts that if true would support jurisdiction over [Defendant]." *Ballard*, 65 F.3d at 1498; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000).

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject it to the state's specific jurisdiction. Personal jurisdiction exists if (1) the defendant purposefully availed itself of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters*, 223 F.3d at 1086; *Brainerd*, 873 F.2d at 1259.

In cases arising out of contractual relationships, including those involving related tort claims, the Ninth Circuit applies the "purposeful availment" test, which "'requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus on the defendant's affirmative conduct is designed to ensure that the defendant is not haled into court as the result of random, fortuitous, or attenuated contacts.'" *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985));

*see Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (applying purposeful availment test in breach of contract action); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988) (finding effects test inapplicable and stating that, "unlike *Calder* and *Haisten*, in this case personal jurisdiction is sought on a contract claim, not on a tort claim."). A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the forum.'" *Gray*, 913 F.2d at 760 (quoting *Burger King Corp.*, 471 U.S. at 475-76); see *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997) (stating that "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents") (citing *Ballard*, 65 F.3d at 1498).

Finally, in analyzing the purposeful availment requirement, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether the "'defendant's conduct and connection with the forum [s]tate are such that he should reasonably anticipate being haled into court there.'" *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see Thomas P. Gonzales Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1252 (9th Cir. 1980) (stating that "it is not the quantity, but rather the 'nature and quality' of the defendant's activities which determine whether extension of jurisdiction offends due process").

**III.    Analysis.**

Plaintiff asserts that NCSG is subject to personal jurisdiction on four separate grounds: (1) NCSG is an affiliate of NCA and the contract states that it is binding on NCA's affiliates; (2) NCSG received business information from BBD and the contract states that it is binding on any party that receives certain valuable business information; (3) NCSG is an alter ego of NCA and therefore NCA could consent to jurisdiction on behalf of NCSG; and (4) NCSG has purposefully availed itself of the privilege of conducting activities in Arizona,

Plaintiff's claim arises out of forum-related activities, and it is reasonable for the Court to exercise jurisdiction. Dkt. #32. Plaintiff cannot prevail on any of the above arguments.

**A.     NCSG is an affiliate of NCA.**

Plaintiff first argues that NCSG is an affiliate of NCA and therefore is bound by the contract in which NCA consents to personal jurisdiction in Arizona on behalf of itself and its affiliates. *Id.* at 6. While Plaintiff goes to great lengths to establish that NCSG is actually affiliated with NCA, it cites no law for the proposition that an affiliate is bound by the acts of another corporation solely based upon its affiliation. Nor does Plaintiff present evidence that NCSG authorized NCA to bind NCSG to the contract with Plaintiff. Plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Plaintiff has failed to demonstrate that even if NCSG is an affiliate of NCA, it is bound by a contract signed by NCA, a separate corporation.

**B.     NCSG received business information from BBD.**

Plaintiff similarly argues that NCSG has consented to jurisdiction because it learned about Crane through BBD and the contract states that a party who was advised of the possible acquisition of Crane by BBD is bound by the contract. Dkt. #32 at 7. Again, Plaintiff cites no case law and does not explain how a corporation that was not a party to a contract is bound by the contract. Plaintiff presents no evidence that NCSG agreed to be bound by the contract and its forum selection clause.

**C.     NCSG is an alter ego of NCA.**

Plaintiff next asserts that NCSG is actually the alter ego of NCA and therefore NCA can consent to personal jurisdiction on NCSG's behalf. *Id.* (citing *International Equity Investments v. Opportunity Equity*, 475 F. Supp. 2d 456, 459 (S.D.N.Y. 2007)). "The alter-ego status is said to exist when there is such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972) (internal quotation marks omitted). "Unity of control is shown where the parent corporation exercised substantially total control over the management and activities of the subsidiary." *Taeger v. Catholic Family & Cmty. Serv.*, 995 P.2d 721, 733

(Ariz. Ct. App. 2000). Factors establishing "substantially total control over the management and activities" include: (1) stock ownership by the parent, (2) common officers or directors, (3) financing of subsidiary by parent, (4) payment of salaries and other expenses of subsidiary by the parent, (5) failure of the subsidiary to maintain formalities of separate corporate existence, (6) similarity of logo, and (7) plaintiff's lack of knowledge of the subsidiary's separate corporate existence. *Id.* In addition, this control must be exercised so that the subsidiary becomes "a mere instrumentality" of the parent corporation. *Id.* at 733-34.

To establish that NCSG is the alter ego of NCA, Plaintiff cites the following facts: (1) a press release in which NCSG refers to itself as "a Northwest Capital Appreciation company;" (2) a website where NCA refers to NCSG as a "Northwest Capital Appreciation Portfolio Company;" (3) the website where NCA also states that it creates active partnerships with management teams, seeks to implement best corporate governance practices in its portfolio companies, upgrades products, implements new systems, optimizes channel management and sales force efficiency, right-sizes cost structures and augments management in connection with its portfolio companies, works with the management of portfolio companies to ensure that the business strategy stays focused, and develops several strategic plans against which management is benchmarked with the management of the portfolio company; (4) NCA's investment professionals have some equity stake in NCSG; (5) NCA hired a headhunter to hire a new president and CEO for NCSG; (6) NCA helped select senior management for NCSG; and (7) NCA played a role in the due diligence undertaken before NCSG decided to purchase Crane. Dkt. #32 at 4-5.

While these facts do establish a connection between the two companies, they do not demonstrate that NCA exercises substantially total control over the management and activities of NCSG. Although Plaintiff does state that NCA investment professionals have an equity stake in NCSG, there is no information regarding the size of that stake. In addition, there is no mention of common officers or directors, payment of NCSG expenses by NCA, or the failure of NCSG to maintain formalities of separate corporate existence. At most, Plaintiff has shown that NCA and NCSG have a relationship in which NCA provides

guidance in some aspects of NCSG's operations, but Plaintiff does not come close to showing that NCSG is a mere shell or instrumentality of NCA. Based on the facts provided by Plaintiff, the Court cannot conclude that NCSG is the alter ego of NCA.

**D.    Standard Ninth Circuit test for personal jurisdiction.**

Finally, Plaintiff asserts that personal jurisdiction over NCSG is proper because NCSG has purposefully availed itself of the privilege of conducting activities in Arizona, Plaintiff's claim arises out of forum-related activities, and it is reasonable for the Court to exercise jurisdiction. Dkt. #32 at 8.

Plaintiff argues that NCSG purposefully availed itself of the privilege of conducting activities in the forum because "[i]t is inconceivable that NCSG was not aware of the Agreement between NCA and BBD" and therefore NCSG knew that the purchase of Crane could subject it to liability. Dkt. #32 at 8-9. NCSG, however, was not a party to the contract. At most, NCSG was aware that a contract existed between NCA and BBD. Plaintiff has failed to establish that mere knowledge of a contract between Plaintiff and a corporation separate from NCSG constituted purposeful availment by NCSG of the privileges of doing business in Arizona. Moreover, Plaintiff has presented no other evidence that NCSG has had contacts – of any kind – with Arizona.

**IT IS ORDERED** that Defendant NCSG's motion to dismiss (Dkt. #9) is **granted** and NCSG is dismissed from this action.

DATED this 15th day of June, 2009.

_David G. Campbell_
_____
David G. Campbell
United States District Judge

- 6 -